UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SARA B.,

            Plaintiff,                      **DECISION AND ORDER**

   v.

                                          1:22-cv-00258-EAW

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.
_____

## INTRODUCTION

Plaintiff Sara B. ("Plaintiff") seeks attorneys' fees of $31,898.92 pursuant to 42 U.S.C. § 406(b). (Dkt. 24). The Commissioner of Social Security ("the Commissioner") neither supports nor opposes Plaintiff's fee request. (Dkt. 22 at 1). For the reasons below, the Court grants Plaintiff's motion.

## BACKGROUND

On March 31, 2022, Plaintiff filed this action, seeking review of the Commissioner's final decision denying her application for Disability Insurance Benefits ("DIB"). (Dkt. 1). Plaintiff moved for judgment on the pleadings on August 26, 2022. (Dkt. 10). On September 16, 2022, the Court approved the parties' stipulation reversing the Commissioner's final decision and remanding the matter for further proceedings. (Dkt. 13).

By Stipulated Order issued on November 22, 2022, the Court approved payment of $6,319.68 to Plaintiff's counsel pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), for services performed in connection with this action. (Dkt. 16).

- 1 -

On September 21, 2024, the Commissioner issued a Notice of Award in connection with Plaintiff's claim, which stated that the Commissioner withheld $21,577.43 from Plaintiff's past-due benefits to pay for Plaintiff's attorneys' fees. (Dkt. 18-6 at 3). On March 29, 2025, the Commissioner issued a Notice of Award in connection with Plaintiff's child's auxiliary claim, which stated that the Commissioner withheld $7,200.00 from the child's past-due benefits to pay for Plaintiff's attorneys' fees. (Dkt. 18-7 at 1).

On April 3, 2025, Plaintiff's counsel moved under 42 U.S.C. § 406(b) seeking $31,898.92 in attorneys' fees. (Dkt. 18). The Commissioner responded on May 15, 2025. (Dkt. 22). On June 6, 2025, the Court requested supplemental briefing from Plaintiff. (Dkt. 23). On June 10, 2025, Plaintiff's counsel filed an amended motion, in which he indicated that although his firm was awarded the sum of $6,319.68 under the EAJA, it received $6,262.37 because a portion of the EAJA fee award was offset pursuant to the United States Department of the Treasury's Offset Program. (Dkt. 24-1 at ¶ 13). Counsel indicated that he will refund the award to Plaintiff. (*Id.* at ¶ 23).

## DISCUSSION

I. **Timeliness of the Motion**

Generally, a fee application under § 406(b) must be filed within 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(1). Rule 54(a)(2)(B) as applied to § 406(b) motions for attorneys' fees, requires that a party moving for attorneys' fees file the motion within 14 days of notice of a benefits award. *Sinkler v. Berryhill*, 932 F.3d 83, 88 (2d Cir. 2019). A presumption also applies that a notice is received "three days after mailing." *Id*. at 89 n.5; *see also* Fed. R. Civ. P. 6(d).

Here, the Commissioner issued the Notice of Award related to Plaintiff's DIB claim on September 21, 2024, and the Notice of Award related to Plaintiff's child's auxiliary claim on March 29, 2025. (Dkt. 18-6; Dkt. 18-7). On April 3, 2025, Plaintiff's counsel filed the original application for attorneys' fees five days after the March 29, 2025, Notice was issued. (Dkt. 18). Because the timeliness of Plaintiff's application should be assessed from March 29, 2025—the date of the Notice of Award related to Plaintiff's child's auxiliary benefits—the Court finds Plaintiff's application timely. *See Georgette T. v. Comm'r of Soc. Sec.*, No. 1:20-CV-00846-EAW, 2024 WL 1192993, at *2 (W.D.N.Y. Mar. 20, 2024) (concluding that time period for filing § 406(b) motion tolled until notice regarding plaintiff's child's benefits claim was issued, because until then counsel could not determine the maximum attorneys' fees available, and collecting cases reaching the same conclusion).

## II. The Reasonableness of the Requested Fee

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25 percent of the total past-due benefits. Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). This review is subject to "one boundary

line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*. "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

A fee is not automatically recoverable simply because it is equal to or less than 25 percent of the client's total past-due benefits. "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id*. at 807 n.17. Thus, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017). Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

When determining whether a requested fee constitutes a windfall, courts are required to consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient[;]" (2) "the nature and length of the professional relationship with the

claimant—including any representation at the agency level[;]" (3) "the satisfaction of the disabled claimant[;]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Plaintiff's counsel seeks $31,898.92 and indicates that this amount is within the statutory 25 percent cap of the total amount of past-due benefits awarded by the Commissioner. (Dkt. 24-1 at ¶ 8). The Commissioner neither supports nor opposes counsel's fee request for $31,898.92. (Dkt. 22 at 2). Utilizing the factors set forth above, the Court finds that the amount counsel seeks is within the 25 percent statutory cap, and that there is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff. Counsel provided effective representation resulting in Plaintiff successfully receiving the benefits sought. There is no reason to believe that Plaintiff is dissatisfied with the outcome of such representation. Here, the success of Plaintiff's claims was uncertain as demonstrated by multiple denials of her applications at the agency level.[1] Accordingly, the amount of time expended by counsel was reasonable in light of the issues presented, the extent and character of representation, Plaintiff's counsel's experience, and the absence of any significant delay in the proceedings caused by counsel.

---

[1] Although the instant action was filed based on Plaintiff's Title II claim, Plaintiff also had a Title XVI claim pending from the time she filed it on March 2, 2022, until the Commissioner closed it on February 15, 2024, pursuant to Plaintiff's request. (Dkt. 18-2 ¶¶ 10, 11; Dkt. 18-5 at 4; Dkt. 24-1 at ¶ 17).

The requested fee would result in a de facto hourly rate of $1,168.46 ($31,898.92 divided by 27.3 hours). (Dkt. 18-9; Dkt. 24-1 at ¶ 20). The Court finds that neither the de facto hourly rate, nor the overall requested attorneys' fees amount, constitutes a windfall. Even though the hourly rate requested is greater than Plaintiff's counsel's normal hourly rate of $360.00 (Dkt. 24-1 at ¶ 22), counsel's successful representation of Plaintiff's interests achieved reversal of the Commissioner's decision and remand of Plaintiff's applications, ultimately resulting in a favorable decision. (Dkt. 18-5). The effective hourly rate of $1,168.46 falls within the range of rates under § 406(b) approved by courts. *See, e.g.*, *Fields,* 24 F.4th at 856 (an effective hourly rate of $1,556.98 was not a "windfall"); *Hennelly v. Kijakazi*, No. 20-CV-4786 (JGK), 2023 WL 3816961, at *2 (S.D.N.Y. June 5, 2023) (an hourly rate of $1,705.16 did not constitute "windfall" to counsel); *Leonard J.H. v. Comm'r of Soc. Sec.*, No. 18-CV-1436-FPG, 2023 WL 2768300, at *4 (W.D.N.Y. Apr. 4, 2023) (an hourly rate of $1,473.77 was not a windfall to counsel) (collecting cases); *John C. v. Comm'r of Soc. Sec.*, No. 20-CV-99-FPG, 2023 WL 2623584, at *2 (W.D.N.Y. Mar. 24, 2023) (court approved the de facto hourly rate of $1,685.39). Accordingly, in light of the above, the Court finds that the requested fee award of $31,898.92 is reasonable and in line with awards generally approved in this District for similar work performed. The Court is also mindful that "payment for an attorney in a social security case is inevitably uncertain." *Wells*, 907 F.2d at 371. Accordingly, the Second Circuit has "recognized that contingency risks are 'necessary factors' in determining reasonable fees under § 406(b)." *Id*. (quotation marks omitted).

The Court also notes that counsel must return the previously received EAJA fee award of $6,262.37 to Plaintiff. (Dkt. 18-10). *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . .").

## **CONCLUSION**

For the foregoing reasons, Plaintiff's amended motion for attorneys' fees under § 406(b) (Dkt. 24) is granted, and the Court hereby orders as follows: (1) Plaintiff's counsel is awarded attorneys' fees in the amount of $31,898.92; and (2) Plaintiff's counsel must refund the previously received EAJA fee of $6,262.37 to Plaintiff.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:     July 8, 2025
           Rochester, New York